Dear Mr. Newman:
This office is in receipt of your request for an opinion of the Attorney General for the Louisiana State Plumbing Board in regard to the ratio of apprentices to journeyman. You indicate the Louisiana Administrative Code, Title 40, Part IX, Chapter 3, Sec. 301(a)(3)(g) requires that all apprenticeship programs, in order to be eligible for registration approval by the Louisiana Office of Labor/Division of Apprenticeship, must, in part, use a numeric ratio of apprentices to journeyman, of not more than one (1) apprentice for the first journeyman employed per job site, and one (1) apprentice for every three (3) journeymen employed thereafter. However, on April 16, 1993 the Dept. of Labor promulgated an administrative policy on the ratio of apprentices to journeyman, providing for a numeric ratio of one (1) apprentice for the first journeyman employed per job site, and one (1) apprentice for every two (2) journeymen employed thereafter.
You now point out that on July 1, 2003 the Governor signed into law Act 815 (Senate Bill No. 400 of the Louisiana 2003 regular session) where the synopsis of the bill provides that it is "to amend and reenact R.S.37:1367(A), * * * to provide for a licensed journeymen plumber to supervise three apprentices on a job * * * ". However, you state, to further complicate the matter, the body of the Act reads, "A licensed journeyman plumber will supervise apprentices as governed by the Louisiana Department of Labor."
The Louisiana Administrative Code, Title 40, Labor and Employment, Part IX, Apprenticeship, Chapter 3, Apprenticeship council's Standards and Procedures, Sec. 301(A) initially provides that an apprenticeship program to be eligible for registration/approval by the Louisiana Office of Labor/Division of Apprenticeship shall conform to the certain standards as are then set forth. In part it requires (1) all apprenticeship programs submit standards of apprenticeship on forms to the appropriate Statewide Apprenticeship Committee; (2) that the program shall have an organized written plan with terms and conditions of employment, training and supervision; and (3) "The program standards shall contain the state plan for implementing Title 29 C.F.R. Part 30, Equal Employment Opportunity in Apprenticeship and Training, which plan is made a part of these rules and additional provisions concerning the following: * * * " These additional provisions include such matters as a term of apprenticeship of not less than 2,000 hours of continuous employment, an outline of the work processes, provisions for instruction in technical subjects related to the trade, review and evaluation of the apprentice's progress in job performance.
However, significant to the issue herein is paragraph (g) which is as follows:
 The numeric ratio of apprentices to journeymen consistent with proper supervision, training, safety, and collective bargaining agreements, except where such ratios are expressly prohibited by the collective bargaining agreements. The ratio language shall be specific and clear as to application in terms of job sites, work force, department or plant; and in no instance shall such ratio provide for more than one apprentice for the first journeyman employed per job site and one apprentice for every three journeymen employed thereafter. (Emphasis added.)
You relate that as a result of the conflict in the language of the synopsis of Act 815 and the language of the text, the conflict between the 1993 Department of Labor ratio of one apprentice for every two journeymen, and the Louisiana Administrative Code provisions of one apprentice for every three journeymen employed after the initial one apprentice to the first journeyman employed per job site, the Louisiana State Plumbing Board has requested an Attorney General opinion on which ratio should be applied to apprentices to journeymen.
In regard to Act 815 of the Regular Session of 2003, our research shows that Senate Bill No. 400 stated in the title it was to amend and reenact R.S. 37:1367(A) "to provide for a licensed journeyman plumber to supervise two apprentices on a job" wherein the existing law was for supervision of one apprentice. However, the Senate Committee on Labor and Industrial Relations proposed an increase to three, and the engrossed Bill No. 400 was changed to provide for a licensed journeyman plumber to supervise "three apprentices on a job". Then by floor amendment to the engrossed bill, Bill No. 400, provided a licensed journeyman plumber would "supervise apprentices as governed by the Louisiana Department of Labor."
Thereafter, on July 1, 2003 the governor signed into law Act 815/Senate Bill No. 400 of the regular session, with the title providing that it was "to amend and reenact R.S. 37:1367(A), . . . to provide for a licensed journeymen plumber to supervise three apprentices on a job. . . .", but despite this title, the body of the Act reads that, "A licensed journeyman plumber will supervise apprentices as governed by the Louisiana Department of Labor." As stated hereinabove, while the title to Act 815 provides it is to amend R.S. 37:1367(A) to provide for a licensed journeyman plumber "to supervise three apprentices on a job", the text of the statute signed by the Governor reads "a licensed journeyman plumber will supervise apprentices as governed by the Louisiana Department of Labor".and in resolving this conflict, we find that this office has recognized that the title of an act forms no part of the law although it may aid in interpreting legislative intent, Atty Gen. Op. Nos. 99-101, 93-311, 79-1097.
Inasmuch as the title of an act forms no part of the law, we feel the development from the enrolled bill to that signed into law clearly shows the intent was that as stated in the body of the bill. Therefore, we must conclude the ratio of apprentices to journeymen is to be in accordance with the body of Act 815 signed by the Governor which is that as set by the Louisiana Department of Labor.
Moreover, with regard to the conflict between the body of the provisions of Act 813 to amend R.S 37:1367 and the Administrative Code, this office has observed that when a conflict arises between language contained in the Administrative Code and the Revised Statutes, the Revised Statutes will prevail. Atty. Gen. Op. 95-102.
Therefore, we must conclude the ratio that must apply is that set by the Department of Labor, and from the letter of Dawn Romero Watson, Secretary of Labor, and our telephone conversation in regard to that letter, there is one apprentice for the first journeyman employer per job site and one apprentice for every two journeymen employed thereafter.
We hope this sufficiently clarifies the issue, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr